# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| KENNETH L. PATTON, | : | Bankruptcy No. 07-13996DWS |
| | : | |
| Debtor. | : | |

# MEMORANDUM OPINION

**BY:  DIANE WEISS SIGMUND, United States Bankruptcy Judge**

In a companion Opinion I have found that the Debtor's Chapter 13 case is not to be dismissed so long as Debtor amends his Chapter 13 plan to provide for Chase's Arrears Claim in the amount of $34,975.89.  Accordingly, the Debtor's Objection to Chase's Certificate of Default (the "Default Objection") of a stipulation dated November 12, 2007 (the "Stipulation") settling Chase's motion for relief from stay for post-petition mortgage arrears must be addressed.

**BACKGROUND**

The Stipulation, Exhibit Bank 2, provides, *inter alia*, for cure of post-petition arrears and the maintenance of current payments.  Chase presses its certificate of default dated December 4, 2007 (the "CD") based on the routine untimeliness of the mortgage payments,

all post-petition payments apparently having been made.  While the CD had averred that Debtor had not made the regular mortgage payments in November and December, the Default Objection dated December 21, 2008 noted that the November payment had indeed been made by the time the CD was filed and the Debtor was "preparing" to make the December payment when the CD was filed on December 19, 2007 and would proceed to do so.  Based on the Objection, it was clear that the December payment had not been made by December 21 notwithstanding the Debtor's "preparations."  It also appears that the November payment was not timely.  Chase also elicited that the March payment was made in mid-March and the April payment had not been made by April 24, the date of the last hearing in the case.

In her testimony, Brenda Morris ("Morris"), Debtor's long time companion and money manager, contended that payments were due on the 15th of the month and she had a 15 day grace period so long as she paid the late charge.  This position is belied by the Chase mortgage which states that payments will be made on the first day of each month and that while a late charge is imposed if payment is not received by the fifteenth, the borrower is in default for failure to pay on the first.  Exhibit Bank 1.  The Stipulation expressly references payment due in accordance with the mortgage but a notice of default is triggered only when the regular monthly payment is more than 15 days late. Morris' cavalier payment practices appear to have crossed that time line in December, April and May.  Her testimony that payments were not due until the 15th so as to afford another 15 day grace period was simply incredible.  The Stipulation could not be plainer.

**DISCUSSION**

It is well settled that stipulations between the parties in settlement of litigation are favored by the law and should not be lightly set aside, Waldorf v. Shuta, 142 F.3d 601, 616 (3d Cir. 1998); Martin v. North Penn Savings & Loan, 253 B.R. 346, 350 (M.D. Pa. 2000). Enforcing a stipulated agreement also is supported by policy considerations such as the avoidance of costly and time-consuming litigation, In re Buzzworm, Inc., 178 B.R. 503, 512 (Bankr. D. Co. 1994). Indeed refusing to enforce a stipulated agreement undermining the willingness of parties to enter into future agreements which promote the prompt and efficient administration of bankruptcy cases. Therefore, unless a stipulation has not been entered into voluntarily, or its terms violate public policy, or other extenuating circumstances exist, a court will enforce the clear terms of a stipulation of the parties previously approved by the court at the request of the parties. Sellersville Savings and Loan Association v. Kelly, 29 B.R. 1016,1018 (E.D. Pa. 1983).

The terms of the parties' agreement required payment when due, not sometime thereafter. Debtors frequently honor that provision in the breach believing (and often correctly so) that payment on the eve of a default hearing will put out the fire. While it is no legal defense to a certificate of default to plead "I will pay by the hearing," it buys the debtor additional time and often accomplishes the creditor's goal of getting its money. Certificates of default are frequently resolved in this manner. Where, however, the defaults are repeated or the agreement not properly performed, a creditor may insist on the benefit of its bargain. Chase has done so here. After advising Debtor that he must make timely payments, Chase has pressed its CD for Debtor's consistent refusal to do so. As the Stipulation

provides that upon default, after notice and failure to cure, relief from stay will be granted, Chase's Motion shall be granted. Chase is given leave to exercise its state law remedies against the Debtor's real property at 209 katherine Lane, Coatesville, PA

Presumably with relief from stay, Chase will once again start its march to foreclosure. That it succeed is not inevitable if Debtor is sincere and able to propose a confirmable Chapter 13 plan. His task begins with the filing of an amended plan which includes full payment of the liquidated Chase claim. It continues with the timely and full payment each month of the mortgage and the Chapter 13 trustee. Perhaps with that record Debtor will be able to rightfully avoid another sale and save the home.

An Order consistent with the foregoing shall be entered.

                    DIANE WEISS SIGMUND
                    U.S. Bankruptcy Judge

Dated: June 6, 2008