# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| KENNETH L. PATTON, | : | Bankruptcy No. 07-13996DWS |
| | : | |
| Debtor. | : | |

## MEMORANDUM OPINION

**BY: DIANE WEISS SIGMUND, United States Bankruptcy Judge**

Before the Court is the Motion of the Chapter 13 trustee (the "Trustee") to Dismiss With Prejudice this Chapter 13 case. This is Debtor's third consecutive Chapter 13 case since March 2005. Lack of success in the prior cases has merely prompted another filed petition, resulting in almost continual court protection for close to four years.[1] This history is the basis for the Trustee's request for dismissal with a bar against future filings without leave of Court, a motion joined by Chase Manhattan Mortgage Corporation ("Chase"), which holds the mortgage on Debtor's home (the "Home").

---

[1] Not surprisingly I have written a number of opinions addressing Debtor's unsuccessful bankruptcy efforts. I will repeat them only as necessary but incorporate them as they support the relief granted herein.

**BACKGROUND**

On March 25, 2005 Debtor filed a joint petition with his life partner Brenda Morris ("Morris"). The case, 05-13986, was dismissed on December 1, 2005 for failure to make plan payments. Exhibit T-1.[2] Relief from stay was granted to Chase but before any foreclosure proceedings could be completed, a second petition was filed on April 19, 2006. Exhibit T-2. This case, 06-11590, was dismissed pursuant to an Order dated March 16, 2007 accompanied by a 13 page Memorandum Opinion. Doc. No. 77. In short, I found Debtor's Chapter 13 plan infeasible due to the underfunding of Chase's arrears claim and denied him permission to file a further plan which I concluded would have served no purpose but to delay Chase in the exercise of its state law remedies. A motion to reconsider that ruling was denied on May 2, 2007. Doc. No. 84. Undeterred the Debtor simply refiled, commencing the instant case on July 11, 2007.

On September 25, 2007, Chase filed a motion for relief from the automatic stay which was settled by a Stipulation dated November 13, 2007 that provided for cure of the first post-

---

[2] I shall take judicial notice of the docket entries in this case. Fed.R.Evid. 201, incorporated in these proceedings by Fed.R.Bankr.P. 9017. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991). While a court may not take judicial notice *sua sponte* of facts contained in the debtor's file that are disputed, In re Augenbaugh, 125 F.2d 887 (3d Cir. 1942), it may take judicial notice of adjudicative facts "not subject to reasonable dispute ... [and] so long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority." In re Indian Palms Assoc., 61 F.3d 197, 205 (3d Cir. 1995) (*citing* Fed.R.Evid. 201(f) advisory committee note (1972 proposed rules).

Morris has always represented herself as Debtor's "life partner," rather than a spouse, which is a requisite for filing of a joint petition. 11 U.S.C. § 302. While Morris has not been a debtor in any subsequent case, she is responsible for the couple's finances and has provided the primary testimony at multiple hearings in the predecessor cases.

petition payment due August 1, 2007 that had already been missed and an agreement to maintain current mortgage payments. Doc. Nos. 56 and 61. By December 20, 2007 a certificate of default of the Stipulation had been filed. Doc. No. 67. Contemporaneously the Trustee filed his motion to dismiss the case with prejudice. Doc. No. 70. After a series of adjournments during which Debtor amended his Chapter 13 plan and lodged an objection to Chase's claim, I entered two Orders and Opinions on June 6, 2007. Doc. Nos. 104, 105. I refused to dismiss Debtor's case so long as he amended his Chapter 13 plan to provide for Chase's arrearage claim which I liquidated. However, I found that he was in default of the Stipulation and lifted the automatic stay as to Chase.[3]

Debtor subsequently filed a Third, then Fourth Amended Plan which elicited objections from Chase. He also filed a motion to reinstate the stay which was denied because of the pending appeal of the stay relief order. After withdrawing the appeal, a second motion to reinstate the stay was filed. It was denied on November 13, 2008 after the Debtor failed to appear for three consecutive listings of the motion on October 7, 2007, October 14, 2007 and finally November 13, 2007. Exhibit T-3. On November 17, 2008 Debtor's counsel David A. Scholl, Esquire ("Scholl") filed a motion to withdraw as Debtor's counsel, averring that Debtor failed and refuse to communicate with him and to appear at the October 14 and November 13 hearings despite counsel's direction that he do so. Exhibit T-5. Scholl further averred that there was good cause for his withdrawal because Debtor had failed to fulfill his obligation to appear notwithstanding his reasonable and

---

[3] Debtor appealed the Order granting relief from stay but withdrew that appeal in order to pursue a motion to reinstate the stay.

repeated warnings that he would withdraw if his lack of response continued. Id.

While a continued confirmation hearing was scheduled for December 18, 2008, the Trustee quickly renewed his motion to dismiss with prejudice in light of Scholl's revelations. Doc. No. 161. This is the Motion presently before me which surprisingly was opposed by Scholl on behalf of the Debtor[4] and accompanied by the third motion to reinstate the stay, Exhibit T-3, and a fifth amended Chapter 13 plan. Exhibit T-4. At the all important hearing on December 18, 2008, Debtor again did not appear but Scholl maintained his opposition to a dismissal with prejudice, seeking to preserve for Debtor a third opportunity to find refuge in the bankruptcy court, presumably when Chase got close to a sheriff sale.[5]

In effect, an appearance would have been to no avail since Debtor's answer acknowledges his default on his post-petition mortgage payments. Doc. No. 163. Presumably fashioned by Scholl since his communications with Debtor were admittedly impaired, the Answer seeks absolution for the payment default by noting that Chase's allowed secured claim is being appealed and were the appeal successful, the Debtor could make both Trustee and mortgage payments. Of course, his inability to do both was the

---

[4] The motion to withdraw apparently elicited a response from Debtor and the objection to the dismissal motion was filed, implicitly withdrawing Scholl's request to be relieved of the representation.

[5] In a postscript to the record made on December 18, 2008, a hearing on the pending motion to reinstate the stay was scheduled for January 13, 2009. Once again Debtor did not appear to prosecute his own motion. Chase and the Trustee opposed Scholl's request for a continuance. By Order dated January 13, 2009, I found no good cause for the requested continuance (including Debtor's repeated failures to appear) and denied the motion for failure to prosecute.

reason I dismissed the last case. There is no evidence of any change in circumstance that would justify a different outcome now.[6]

**DISCUSSION**

Section 1307(c) provides that Chapter 13 petitions may be dismissed "for cause." 11 U.S.C. § 1307(c). A bankruptcy court has considerable discretion in determining whether "cause" exists and whether dismissal is the appropriate remedy. E.g., In re Orawsky, 387 B.R. 128, 137 and n. 15 (Bankr. E.D. Pa. May 2, 2008) (*citing* cases); 8 Collier on Bankruptcy, ¶ 1307.04[4] (15th ed., rev.) ("As under the other subsections of section 1307(c) [i.e., sections other than § 1307(c)(4) ], the court's power to dismiss or convert is discretionary.")). See also In re Henry, 368 B.R. 696, 699 (N.D. Ill. 2007) (same).

The Trustee contends this case should be dismissed for bad faith as there has been no material change in Debtor's financial circumstances to warrant the filing of this case on the heels of the prior case dismissal. The Trustee points to the considerable opportunities Debtor has had to prosecute this case, including three unsuccessful motions to reinstate the automatic stay as to Chase and nine continued confirmation hearings over the sixteen month pendency of this petition. This, he argues, evidences unreasonable delay that is prejudicial to creditors which is cause for dismissal under § 1307(c)(1). I agree.

---

[6] The Answer avers that Ms. Morris is seeking alternative or additional employment, a contention I have heard before and found unpersuasive. Of course, since Ms. Morris did not appear either, I have no knowledge of her efforts in this regard.

By reason of his failure to appear at the last four scheduled hearings and his inaccessibility to his attorney, it would appear that Debtor has abandoned the pursuit of this bankruptcy. Moreover, it appears from the Answer filed by his counsel that he has no defense to the dismissal and is essentially seeking to preserve his ability to file a fourth case to stop the inevitable sheriff's sale.

In In re Lilley, 91 F.3d 491(3d Cir. 1996), the Third Circuit held that a debtor's lack of good faith in filing is sufficient cause for dismissal under § 1307(c). Because the term "good faith" is "incapable of precise definition," the good faith inquiry is a fact intensive determination that is left to the discretion of the bankruptcy court. Id. at 496. The good faith of Chapter 13 filings is "assessed on a case-by-case in light of the totality of the circumstances." Id. To assist the bankruptcy court in its review, the following factors were found to be among those relevant to the inquiry:

> the nature of the debt ...; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.

Id. *quoting* In re Love, 957 F.2d 1350, 1357 (7th Cir. 1992). See also Eisen v. Curry (In re Eisen), 14 F.3d 469, 470 (9th Cir. 1994) (*quoting* In re Goeb), 675 F.2d 1386, 1391 (9th Cir. 1982)) (whether the debtor "'misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner.'"

A debtor's history of filings and dismissals is probative of bad faith.[7] In re Oglesby, 158 B.R. 602, 606-07 (E.D. Pa. 1993).[8] Where the purpose of the bankruptcy filing is to defeat state court foreclosure without a reorganization purpose, bad faith exists. In re Dami, 172 B.R. 6, 11 (Bankr. E.D. Pa. 1994). This case was filed without a reorganizational purpose since the Debtor is admittedly incapable of satisfying arrears under his mortgage and maintaining current mortgage payments. He has secured protection of the bankruptcy court against adverse state court action by the Bank for almost four years. He has litigated to judgment his objections to the Bank's secured claim. When his prior case was dismissed, he simply filed again without any change in circumstances. In this case alone, he has lodged six Chapter 13 plans and had nine hearings seeking confirmation of one or the other. In short, he has had every opportunity to reorganize in bankruptcy and cannot do so.

---

[7] There is no per se rule against serial filings. See Johnson v. Home State Bank, 501 U.S. 78, 87-88, 111 S.Ct. 2150, 2156 (1991). A genuine change of circumstances may warrant further bankruptcy relief. See In re Oglesby, 158 B.R. at 606 (*citing* In re Metz, 820 F.2d 1495, 1498 (9th Cir. 1987)). However, as noted, there has been none established in this case.

8. Recognizing that there is no one established set of good faith factors, the Oglesby Court provides a non-exhaustive list of considerations to be utilized in measuring the good faith of multiple filings:

(1)  the length of time between the prior cases and the present one;
(2)  whether the successive cases were filed to obtain favorable treatment afforded by the automatic stay;
(3)  the effort made to comply with prior case plans;
(4)  the fact that Congress intended the debtor to achieve its goals in a single case;
(5)  any other facts the court finds relevant relating to the debtor's purpose in making successive filings.

158 B.R. at 607.

In appropriate circumstances where the facts evidence an abuse of the provisions, purposes and spirit of Chapter 13, this Court has joined other bankruptcy courts that find that more than dismissal is warranted. Dami, 172 B.R. at 11. In such a case, Bankruptcy Rule 9011, incorporating Fed.R.Civ.P.11 provides the authority for the sanctions that Movant seeks. As the Court in In re Jones, 117 B.R. 415, 420 (Bankr. N.D. Ind. 1990) stated:

> [W]here a debtor files a petition in bankruptcy with no intention of obtaining the benefits or the goals for which the proceeding was designed or with no intention of pursuing those proceeding[s] to their natural conclusion, the bankruptcy code is being abused and bankruptcy rule 9011 is being violated.

See also In re Narod, 138 B.R. 478, 482 (E.D. Pa. 1992) (sanctions imposed under Rule 9011 are not limited to expenses or fees). Other courts have relied on their discretionary power under Section 349, see, e.g., In re McKissie, 103 B.R. 189, 193 (Bankr. N.D. Ill. 1989), or Section 105, see, e.g., In re Earl, 140 B.R. 728, 741 (Bankr. N.D. Ind. 1992), to enjoin future filings to prevent abuse of the bankruptcy process. The Court's ability to impose this sanction is necessary to maintain the integrity of the bankruptcy process and avoid burdening the court's docket with frivolous cases, thereby depleting valuable and limited court resources which could be channeled to meritorious cases.

I will grant the Trustee's Motion in its entirety. The dismissal will be with prejudice and provide that no further bankruptcy cases may be filed without leave of Court.[9] Should a

---

[9] The Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA"), cite, sought to address the problem of serial filings by providing, inter alia, for a limited 30-day stay of actions against the debtor where another petition had been pending within the prior 12 months. 11 U.S.C. § 362(d)(3). BAPCPA would not provide an effective remedy in this case. First, the stay would be imposed on the filing of a new case and obstruct Chase again. Moreover, the majority of the case law interpreting this provision concludes that it is not applicable to property of the estate (i.e., the

material change in the Debtor's situation occur, Debtor may seek permission to commence a new case but there shall be no future petitions entertained for the sole purpose of obstructing Chase.

An Order consistent with the foregoing Memorandum Opinion shall be entered.

_____
DIANE WEISS SIGMUND
United States Bankruptcy Judge

Dated:   January 20, 2009

---

Home) which would continue to be subject to the automatic stay absent an order of the court providing otherwise.  In re Williams, 346 B.R. 361 (Bankr. E.D. Pa. June 21, 2006).